Joseph M. WHITING, Plaintiff,

v.

The INCORPORATED VILLAGE OF OLD BROOKVILLE, The Old Brookville Board of Police Commissioners, and Chief Charles K. Smith, Ltn. John Post and Ltn. Maurice Sullivan, individually and as members of the Old Brookville Police Department, Defendants.

No. 96 CV 3442(ADS).

United States District Court, E.D. New York.

Aug. 14, 1998.

Lacara & Galvez, P.C., West Sayville, New York, by Garrett Lacara, of counsel, for the plaintiff Joseph M. Whiting.

Thurm & Heller, New York City, NY by Milton Thurm, Steven T. Sledzik, of counsel, for the defendants Incorporated Village of Old Brookville and the Old Brookville Board of Police Commissioners.

Hopkins, Kopilow & Weil, Garden City, New York, by Stanley R. Kopilow, of counsel, for the defendants Chief Charles K. Smith, Lt. John Post and Lt. Maurice Sullivan.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The substance of this decision was conveyed to all counsel by telephone and facsimile on Thursday, August 13, 1998, at approximately 9:30 a.m.

On June 22, 1998, a jury was selected for the trial of this case, and the commencement of the trial was adjourned to August 18, 1998. Six weeks later, on August 6, 1998, the law firm of Lacara & Galvez, P.C., counsel for the plaintiff, Joseph M. Whiting, submitted an Order to Show Cause seeking an order permitting their withdrawal as attorneys of record for the plaintiff.

Local Civil Rule 1.4 ("Rule 1.4") of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the instant application to withdraw as counsel. Rule 1.4 provides in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Rule 1.4.

Here, in the affidavit in support of this motion, Garret R. Lacara states that his relationship with Whiting has "deteriorated." Specifically, Lacara states that Whiting: (1) has been uncooperative in the prosecution of his claim; (2) has failed to keep timely contact with counsel; (3) is "not sufficiently thinking clearly to be of assistance at the time of trial as Plaintiff continues to demand that [counsel] argue collateral issues which would not be allowed in evidence"; (4) "will be of little or no help during trial"; (5) entered Mr. Lacara's office, "riffled" his "in box," and refused to leave until counsel threatened and initiated a 911 call; and (6) prepared a Rule 68 Offer and demands that

counsel serve it on the defendants without any prior discussion of the issues.

The Court finds withdrawal inappropriate given "the posture of the case, including its position ... on the calendar." Rule 1.4. The jury was selected more than six weeks prior to the application, and the Court is poised to begin hearing the trial in a matter of days. With reasonable certainty, counsel knew, long ago, of plaintiff's alleged lack of cooperation, inappropriate behavior and disagreement over trial strategy. Lacara is the third attorney to represent Whiting in this case, and counsel was clearly put on notice of exactly what he was getting himself into when he agreed to represent this client. Simply put, this not a case where an attorney was caught unaware in experiencing disagreements with a difficult client. To permit Lacara to withdraw at the eleventh hour would adversely affect the plaintiff's rights and will result in substantial prejudice to him. It cannot be gainsaid that "an attorney who withdraws from representing a client during trial risks violating his ethical responsibility to his client." *Healey v. Chelsea Resources, Ltd.*, 947 F.2d 611, 623 (2d Cir. 1991) (citing *Stitt v. Williams*, 919 F.2d 516, 518 [9th Cir.1990] ).

In addition, to permit this last-minute withdrawal after a jury was selected and just prior to the trial would inconvenience the Court, which has cleared its calendar to preside over this case. It also would waste precious judicial resources in a typically overloaded Eastern District calendar, in a case that already has been delayed with additional incurred costs to the defendants. In this regard, the Court notes that this is the second jury selected on this case. In October 1997, a jury was selected, only to be discharged when Lacara's predecessor withdrew from the case with the plaintiff's consent. Lacara's withdrawal at this time also may prejudice the defendants, who, for a second time, have arranged for witnesses to be available for the trial.

Even if Lacara's application had been advanced earlier, in the Court's view, it would not warrant his withdrawal. As for his disagreements with Whiting over trial strategy, "A client need not follow all of his lawyer's advice. A client may choose instead to ignore the advice and suffer the consequences.... A client's failure to follow his attorney's advice may seriously damage his prospects in the litigation, but it does not discharge the attorney from the obligation to continue to act in the client's behalf." *Blackman v. Kaufman*, No. 88 Civ. 796, 1991 WL 156237 (S.D.N.Y.1991). Significantly, while counsel emphasizes disagreements with Whiting over his insistence upon seeking to introduce at the trial irrelevant and improper matters, such conflicts are not insurmountable, and can be resolved rather simply, by the Court ruling that such matters are inadmissible, if such a ruling is appropriate.

Also, the Court takes issue with counsel's insinuation that Whiting has been uncooperative, and unwilling and unable to assist in his case. Significantly, Lacara points only to a single instance when his client failed to keep an appointment, during which they planned to discuss the preparation of letters due to opposing counsel by a certain date. However, Lacara concedes that his client came to his office a few days after the missed appointment, in time to prepare the letters by their due date. Even assuming that this single instance of a missed appointment was deliberate, in view of the entire record, the Court finds that Whiting has not been uncooperative. On the contrary, the Court finds that Whiting is an extremely interested litigant who has appeared in Court on virtually each occasion that the case was calendared, even when his presence was not required. The Court also notes that Whiting frequently has delivered counsel's papers to the courthouse for filing, further evidencing his willingness to sit in his case. During status conferences and jury selection, Whiting verbally conferred with and wrote notes to his attorney, thereby demonstrating his keen interest in this case and his desire to assist. Simply put, this is not an instance where a client repeatedly has refused to communicate with his attorney for a significant period of time, or failed to appear for court appearances or depositions. In the Court's view, Whiting has been very cooperative and desirous of assisting his attorney in this litigation.

In sum, while the Court appreciates that in Lacara's opinion, Whiting may be a difficult

client who allegedly behaves inappropriately and unpleasantly at times, the Court finds that this does not warrant withdrawal, especially in view of the advanced stage of this proceeding.

Finally, the Court notes that the plaintiff did not serve an opposition to the individual defendants' motion for summary judgment, brought by Order to Show Cause, and did not request an extension of time. As previously conveyed to all counsel via telephone and letter facsimile, the Court, sua sponte, has granted the plaintiff an extension of time to respond until Friday, August 14, 1998, at 5:00 p.m. The defendants may reply, should they wish to do so, when they appear before the Court for oral argument on Monday, August 17, 1998 at 9:00 a.m.

Having reviewed the papers submitted by Lacara & Galvez, P.C., it is hereby

**ORDERED,** that the request by Lacara & Galvez, P.C. to be relieved as counsel for he plaintiff, Joseph M. Whiting, is denied; and it is further

**ORDERED,** that the plaintiff's counsel is directed to serve and file opposition papers, if any, on or before Friday, August 14, 1998, at 5:00 p.m.; and it is further

**ORDERED,** that the parties' attorneys, as well as Whiting, are directed to appear before Court on August 17, 1998, at 9:00 a.m.

**SO ORDERED.**